IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| SPEAKS FAMILY LEGACY CHAPELS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Case No. 08-04148-CV-C-NKL |
| NATIONAL HERITAGE ENTERPRISES, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Defendant National Heritage Enterprises, et al. ("NHE"), has filed a counterclaim against Speaks Family Legacy Chapels and Lawlor Funeral Home ("Funeral Homes"), alleging malicious prosecution. NHE asserts that the Funeral Homes initiated legal action, without probable cause, seeking compensation for contractual growth payments which were previously barred by the Texas Commissioner of Insurance due to the insolvency of the contracting parties. Funeral Homes now move to dismiss NHE's counterclaim pursuant to Rule 12(b)(6), arguing that NHE's complaint fails to state a claim upon which relief can be granted, in part because the Funeral Homes have not filed a breach of contract claim as alleged by NHE. For the reasons stated herein, Funeral Homes' motion is denied without prejudice.

**I.      BACKGROUND**

Funeral Homes entered into a contract with National Prearranged Services ("NPS"), a subsidiary of NHE, whereby Funeral Homes acted as agents of NPS in selling pre-need funeral contracts to customers. Upon receiving funds from Funeral Homes, NPS was to purchase whole life insurance policies for the customers and pay Funeral Homes for providing services to the customers. In addition to receiving reimbursement for the actual cost of a funeral, Funeral Homes were also to receive an interest amount known as 'growth payments.' NPS later became insolvent and the Texas Commissioner of Insurance was appointed as Liquidator. Funeral Homes then initiated suit against NHE and in the same action, NHE brought this counterclaim, alleging malicious prosecution.

The Funeral Homes move to dismiss NHE's counterclaim pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure for failure to state a claim upon which relief can be granted. Funeral Homes assert that NHE's complaint is a defense improperly raised in the form of a counterclaim. In addition, Funeral Homes charge that NHE's counterclaim merely asserts conclusory statements, and it fails to proffer enough facts to support a claim of malicious prosecution.

## II.   DISCUSSION

In its counterclaim, NHE alleges that the Funeral Homes' lawsuit was initiated after they were on notice that growth payments were no longer available, pursuant to the insolvency of NPS and the appointment of the Texas Commissioner as Liquidator. NHE alleges that on June 6, 2008, the Funeral Homes were provided with written notice that 'growth payments' will not be

honored because the Texas Department of Insurance stated that *"[f]uneral providers are not receiving, and should not expect to receive compensation in the form of contract 'growth payment' from NPS."* NHE contends that subsequent to notification that growth payments were canceled, Funeral Homes instigated their action against NHE and continue to prosecute this action to recover growth payments. Thus, NHE asserts Funeral Homes had no probable cause to bring the action and argues that the action will be resolved in NHE's favor.

The Funeral Homes argue that they have not asserted a breach of contract claim and therefore NHE's malicious prosecution claim has no factual support.

To succeed on a malicious prosecution claim, one must show (a) the commencement of a judicial proceeding against the plaintiffs, (b) the instigation of the suit by the defendant, (c) the termination of the proceeding in plaintiff's favor, (d) the absence of probable cause of the suit, (e) malice by the defendant in instituting the suit, and (f) resulting damage to the plaintiff. *Stafford v. Muster*, 582 S.W.2d 670, 675 (Mo. banc. 1979).

The Supreme Court has clarified that a complaint must plead enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with allegations in the complaint. *Id.* at 1969.

NHE's malicious prosecution allegations, read as a whole, are sufficient to put Funeral Homes on notice of its claim for losses resulting from defending this

lawsuit. While the Funeral Homes contend that they are not seeking damages for breach of contract, NHE alleges in its counterclaim that is in essence what Funeral Homes' complaint is seeking, and that any action for breach of contract is precluded and there is no other theory on which the Funeral Homes can succeed.

Effectively the Funeral Homes are asking the Court not only to interpret what their complaint has alleged but also to determine that their claims are sufficiently meritorious that there are no set of facts that NHE could rely on to support its claim for malicious prosecution. Given the confusion about the parameters of Funeral Homes' claims and the very limited briefing of the parties, it is too early to determine which interpretation of Funeral Homes' complaint is correct. Moreover, even if Funeral Homes complaint does not implicate its rights under the contracts, it is on notice that NHE believes that there is no probable cause for the claims which they do assert. NHE does not at this stage need to identify exactly why it will be successful on the merits of the dispute between the parties. Therefore, the Court denies without prejudice Funeral Homes' Motion to Dismiss.

### III. CONCLUSION

Accordingly, it is hereby,

ORDERED that Funeral Homes' motion to dismiss pursuant to Rule

12(b)(6) [Doc. # 101] is DENIED without prejudice.

                                     s/ NANETTE K. LAUGHREY
                                     NANETTE K. LAUGHREY
                                     United States District Judge

Dated:  March 17, 2009
Jefferson City, Missouri