IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SPEAKS FAMILY LEGACY CHAPELS, )
INC. and LAWLOR FUNERAL HOME, )
LTD., on behalf of themselves and all others )
similarly situated, )
) Case No. 08-4148-CV-C-NKL
Plaintiff, )
)
v. )
)
NATIONAL HERITAGE ENTERPRISES, )
INC., *et al.*, )
)
Defendants. )

**ORDER**

Pending before the Court is Defendants Bremen Bank & Trust Company, Southwest Bank, and M & I Bank, and Marshall and Ilsley Trust Company ("Defendants") Joint Motion for Entry of Judgment of Dismissal [Doc. # 71]. For the reasons stated herein, the motion is denied.

**I.     Background**

James & Gahr Mortuary, Inc. ("James & Gahr") originally brought this putative class action against a number of defendants involved in the sale of pre-need funeral benefit contracts ("PFBCs") by National Prearranged Services, Inc ("NPS"). James & Gahr and the funeral homes it purported to represent acted as agents for NPS in selling PFBCs to funeral home customers. The PFBCs required a customer to make payments to NPS, required the funeral home to provide particular funeral goods and services, and required NPS or a trust

1

holding the proceeds of the PFBCs to pay each funeral home for the goods and services it provided. NPS was to use the funds it received from each customer to purchase a whole life insurance policy on the lives of the customer, so that it could fulfill its obligations to the customer and the funeral home upon the customer's death. NPS purchased those policies from Memorial Life Insurance Company and Lincoln Memorial Life Insurance Company ("Memorial" and "Lincoln," respectively). James & Gahr alleged that those companies and NPS were all ultimately owned and controlled by the RBT II Trust. James & Gahr originally named NPS, Memorial, and Lincoln as defendants but subsequently dismissed them. James & Gahr alleged that NPS, Memorial, and Lincoln, as well as the remaining defendants engaged in a complex and fraudulent scheme that had resulted in – and would continue to result in – financial injury to itself and to putative class members. James & Gahr alleged that as a result of the scheme, certain payments contemplated in the PFBCs would not be made; this would result in James & Gahr and putative class members being forced to provide funeral goods and services at a loss.

On October 27, 2008, the Court entered an order denying without prejudice Defendants' Motions to Stay this case [Doc. # 63]. In its briefing on the Motions to Stay, James & Gahr indicated that it would file an Amended Complaint clarifying that the recovery it sought from the remaining Defendants would not impact receivership proceedings related to NPS, Memorial, and Lincoln in Texas. The Court ordered James & Gahr to file its Amended Complaint.

2

On November 5, 2008, an Amended Complaint was filed substituting Speaks Family Legacy Chapels, Inc. ("Speaks") and Lawlor Funeral Home, Ltd. ("Lawlor") for James & Gahr as named plaintiffs. On November 11, 2008, James & Gahr filed a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1).

On November 13, 2008, Defendants filed this motion seeking an entry of judgment of dismissal, arguing that Speaks and Lawlor were never properly added as Plaintiffs, and therefore when James & Gahr voluntarily dismissed its claims against all Defendants, this case was terminated.

## II.    Discussion

Under Rule 41(a)(1), "[a]t any time before an adverse party serves an answer or a summary judgment motion, a plaintiff may voluntarily dismiss [its case] without order of the court by filing a notice of dismissal." *Vanover v. Bohnert*, 11 Fed. Appx. 679, 681 (8th Cir. 2001). Such a dismissal "deprives the court of any power to adjudicate the withdrawn claim." *Id.* (internal quotation omitted). Defendants contend that when James & Gahr voluntarily dismissed its claims, this case was terminated and the Court was deprived of further jurisdiction. This argument is based upon Defendants' contention that Speaks and Lawlor were not properly added as Plaintiffs prior to James & Gahr's voluntary dismissal. Basically, Defendants contend that the Amended Complaint was not an appropriate procedural vehicle for substituting in Speaks and Lawlor as named plaintiffs. Defendants argue that because Speaks and Lawlor never filed motions to intervene under Federal Rule of Civil Procedure 24 and because they never sought nor received an order from this Court

adding them as parties, they are not parties to this action. Because the Court disagrees with Defendants' premise - that Speaks and Lawlor are not parties to this case - it must reject Defendants' conclusion - that James & Gahr's voluntary dismissal on November 11, 2008 terminated this case and deprived the Court of continuing jurisdiction.

The filing of the Amended Complaint was effective to substitute Speaks and Lawlor for James & Gahr as the named plaintiffs in this putative class action. Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading[.]" Plaintiffs may amend their pleadings under Rule 15 to add, drop, or substitute parties to an action, including plaintiffs. *See Plubell v. Merck & Co., Inc.* 434 F.3d 1070, 1072 (8th Cir. 2006); *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 955-57 (8th Cir. 2002); *National Federation of Blind of Missouri v. Cross*, 184 F.3d 973 (8th Cir. 1999); *see also* 6 Charles A. Wright et al., Federal Practice and Procedure 2d § 1474 ("[A] party may make a Rule 15(a) amendment to add, substitute, or drop parties to the action.").[1] This is especially true and unremarkable in the case of class actions. *See Phillips v. Ford Motor* Co., 435 F.3d 785, 787 (7th Cir. 2006) (citing *Birmingham Steel Corp. v. TVA*, 353 F.3d 1331, 1339 (11th Cir. 2003) and *Toms v. Allied Bond & Collection Agency, Inc.*, 179 F.3d 103, 106-07 (4th Cir. 1999)) ("Substitution of

---

[1] While Defendants are correct that some courts have held that Federal Rule of Civil Procedure 21 rather than Rule 15 applies to motions to add parties, and that leave is always required to do so, even where no responsive pleading has been filed, this does not appear to be the law in the Eighth Circuit. *See Plubell.* 434 F.3d 1070 (8th Cir. 2006); *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 955-57 (8th Cir. 2002); *National Federation of Blind of Missouri v. Cross*, 184 F.3d 973 (8th Cir. 1999).

4

unnamed class members for named plaintiffs who fall out of the case . . . is a common and normally an unexceptionable ('routine') feature of class action litigation . . . in the federal courts[.]"); *Graves v. Walton County Bd. of Educ.*, 686 F.2d 1135 (5th Cir. 1982) (holding substitution of new named Plaintiffs for named Plaintiffs whose claims had become moot proper in the context of a putative class action).

On November 5, 2008, when the time the Amended Complaint was filed, no Defendant had filed a responsive pleading to the original complaint, and James & Gahr could therefore file an Amended Complaint as a matter of course substituting new named plaintiffs for itself without leave of the Court. Speaks and Lawlor were therefore brought into this case as Plaintiffs, and the case was not terminated when James & Gahr voluntarily dismissed on November 11, 2008.

To the extent Defendants argue James & Gahr should have first included itself on the Amended Complaint, and then should have filed its voluntary dismissal, Defendants' argument is based upon James & Gahr's alleged failure to jump through the correct procedural hoops. The Court believes it was clear to all parties that James & Gahr was substituting new named Plaintiffs for itself through filing the Amended Complaint, and Defendants were not prejudiced by the omission of soon-to-be irrelevant references to James & Gahr in the amended filing. Thus, even if the procedure used to substitute the new plaintiffs for James & Gahr had been technically deficient in this manner, dismissal would be inappropriate here. The Federal Rules of Civil Procedure embody the principle that where

5

possible, cases should be decided on their merits and not on mere procedural technicalities.

*Foman v. Davis*, 371 U.S. 178, 181-82 (1962).

### III. Conclusion

Accordingly, it is hereby

ORDERED that Defendants' Joint Motion for Entry of Judgment of Dismissal [Doc. # 71] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: April 16, 2009  
Jefferson City, Missouri