IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SPEAKS FAMILY LEGACY CHAPELS, )
INC. And LAWLOR FUNERAL HOME, )
LTD., on behalf of themselves and all others )
similarly situated, )
                                      ) Case No. 2:08-cv-04148-NKL
           Plaintiffs, )
                                      )
          v. )
                                      )
NATIONAL HERITAGE ENTERPRISES, )
INC., *et. al.*, )
                                      )
          Defendants. )

**O R D E R**

Defendants David R. Wulf and Wulf, Bates, & Murphey, Inc., have filed this motion to reconsider the Court's Order denying Defendants' Rule 19 Motions [Doc. # 165]. For the reasons stated below, the Court denies Defendants' motion.

**I.    Background**

James & Gahr Mortuary, Inc. ("James & Gahr"), was the original plaintiff in this putative class action. It sought to certify a class consisting of itself and other funeral homes which had acted as agents for National Prearranged Services, Inc. ("NPS"), in selling pre-need funeral benefit contracts. The pre-need contracts required a funeral home customer to make payments to NPS; those funds would be used to purchase a whole life insurance policy on the life of the customer. The payout from the life insurance

1

policy would be used by NPS to reimburse the funeral home for the customer's burial expenses upon the customer's death. NPS purchased those policies from Memorial Life Insurance Co. ("Memorial") and Lincoln Memorial Life Insurance Co. ("Lincoln").

James & Gahr alleged that NPS, Memorial, and Lincoln, as well as the remaining defendants engaged in a complex and fraudulent scheme that has resulted in and continues to result in financial injury to James & Gahr and to the other funeral homes. James & Gahr alleged that as a result of the scheme, certain payments contemplated in the pre-need contracts would not be made; this would result in James & Gahr and putative class members being forced to provide funeral goods and services at a loss. The relevant payments generally fall into two categories: death benefits and growth payments. Death benefits are the life insurance payouts used to cover the cost of funeral services, and growth payments are an agreed upon interest amount class members also claim they are entitled to under the pre-need contracts.

James & Gahr originally named NPS, Memorial, and Lincoln as defendants. However, on September 22, 2008, the 205th Judicial District Court of Travis County, Texas, entered a liquidation order placing NPS, Lincoln, and Memorial in receivership due to financial insolvency thereby precluding recovery from those parties. Special Deputy Receiver ("SDR") Donna Garrett was appointed to represent the liquidated parties. Under § 443.154 of the Texas Insurance Code, a Travis County court order, and the Liquidated Parties' liquidation plan, the SDR is authorized to collect any debts due

and claims belonging to the Liquidated Parties and to "prosecute any action that may exist on behalf of the creditors, members, policyholders, shareholders of the insurer, or the public against any person, except to the extent that a claim is personal to a specific creditor, member, policyholder, or shareholder."

After NPS, Lincoln, and Memorial were placed in receivership, Speaks Family Legacy Chapels, Inc., and Lawlor Funeral Home, Ltd. (collectively "Speaks"), filed an Amended Complaint eliminating the liquidated parties as defendants. The Amended Complaint also named Speaks as plaintiff. On November 11, 2008, James & Gahr filed a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1).

Speaks and many of the putative class members in this action have received some compensation for death benefits from guaranty associations represented by the National Organization of Life and Health Insurance Guaranty Association ("Guaranty Association"). The Guaranty Association is a national organization that represents several state associations which guarantee payments owed by insolvent insurance companies. The putative class members have made an assignment of their death benefit interest to the Guaranty Association but claim that they retain the right to recover for growth payments. Both parties acknowledge at least a partial assignment of Speaks's death benefit interest to the Guaranty Association.

Defendants National Heritage Enterprises, Inc.; Forever Enterprises, Inc.; Howard

3

A. Wittner; Brent Cassity; and Randall Sutton (collectively "National Heritage Defendants") filed a motion to join under Rule 19 [Doc. # 133]; as did National City Bank [Doc. # 135]. Although their motions to join differed slightly, Defendants generally sought the joinder of two parties under Rule 19: (1) the SDR, and (2) the Guaranty Association.

The Court denied Defendants' Motion to join parties under Rule 19 [Doc. # 165]. The Court reasoned that the joinder of the SDR as a defendant was not feasible under Rule 19 because of the Texas state court injunction staying all pending litigation against the liquidated parties. The Court found that it was also not necessary to join the SDR as a plaintiff under Rule 19 because the named class representatives could serve as adequate representatives of the SDR. Because the Court determined the SDR was not a necessary party to the litigation, no further analysis under Rule 19(b) was necessary for issues related to the SDR.

The Court then determined the Guaranty Association was a necessary party to the litigation because Speaks had assigned the death benefits to the Guaranty Association. Though the Guaranty Association was a necessary party, the Court also concluded joinder of the Guaranty Association was not feasible because of the Texas injunction. Despite this, the Court ultimately concluded that this suit could continue because any prejudice felt by Defendants could be lessened by the protective measures the Court has at its disposal. These protective measures include ordering that damages be held in trust for the

4

benefit of the Guaranty Association to which they were assigned, and ensuring that no settlement is approved that sacrifices the interest of the Guaranty Association.

## II. Discussion[1]

Motions for Reconsideration filed under Fed. R. Civ. P. 60(b) "serve the limited function of correcting 'manifest errors of the law or fact or to present newly discovered evidence.'" *United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006), quoting *Innovative Home Health Care v. P.T.-O.T. Ass'n of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

Federal Rule of Civil Procedure 19(a)(1) provides that a person may be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Where a party is necessary under subsection (a) of Fed. R. Civ. P. 19, but joinder is not feasible, the issue of whether the action should proceed turns on subsection (b) of the rule which provides a non-exclusive list of factors for courts to consider in determining what is required in "equity and good conscience." *See Republic of Phil. v. Pimentel*, 128 S. Ct. 2180, 2188-89 (2008). The factors to be considered include: (1) the extent to which a

---

[1] While Fed. R. Civ. P. 60(b) permits reconsideration only after a final judgment is rendered, any party can seek reconsideration of an interlocutory order at the discretion of the Court. Therefore, the Court will address the Defendants' Motion for Reconsideration.

judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment; (3) whether a judgment rendered in the person's absence 1would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b). This analysis is case-specific, and district courts have discretion to consider other factors relating to equity and good conscience. *Republic of Phil.* 128 S. Ct. at 1288-89.

On August 6, 2009, merely three days after this Court's Order denying joinder, the Guaranty Association filed suit in the Eastern District of Missouri seeking essentially the same relief and alleging the similar harms as Speaks in the present action. *See Garrett v. J. Douglas Cassity, et. al.,* No. 4:09-cv-1252. Defendants argue that by filing suit in the Eastern District the SDR and the Guaranty Association have effectively waived the protection of the Texas state court stay and can now be joined as parties.

Defendants provide no support, nor can the Court ascertain any, for the proposition that the SDR's suit in the Eastern District constitutes waiver of the protections of the stay. The "stay is designed to protect all claimants and policyholders from the financial loss threatened by an insurer's impairment." *In re Consolidated Freightways, Inc.* (citing Tex. Ins. Code Ann. art. 21.28-C § 2(2) (analogizing the Tex Insurance Code stay to a bankruptcy stay, which cannot be waived by the debtor). *See also, In re Sensitive Care*, 28 S.W.3d 35, 38 (Tex. App.-Fort Worth 2000) (holding that actions taken in violation of

6

the stay must be approved by the bankruptcy court or are void).  Furthermore, ¶ 2.9 of the Agreed Order Appointing Rehabilitator and Permanent Injunction states that the SDR is "authorized to file, prosecute, defend, or settle any action as [is] necessary."  The Texas Insurance Code also states that "this chapter may not be construed to limit the ability of the receiver to apply to a court other than the receivership court in any jurisdiction to carry out any provision of this chapter or for the purpose of pursing claims against any person."  Tex. Ins. Code § 443.008.  Therefore, the Court finds that the SDR was acting within the powers given to her by the Texas state court when she filed the Eastern District suit and that filing does not deny the liquidated companies any protections given by the automatic stay.

The SDR and the Guaranty Association filed an *amicus curiae* brief allegedly supporting in part Defendants' Motion to Reconsider [Doc. # 186].  The SDR and the Guaranty Association, however, request the opposite result: rather than seek joinder, they assert the filing in the Eastern District now provides reason under Rule 19(b) to dismiss the present action.  The SDR insists they will suffer prejudice if the present action continues.  They argue that based on their filing of a suit in the Eastern District Defendants in the present action will now be subject to varying and inconsistent judgments.  They also argue the simultaneous litigation of this case and the Eastern District suit would result in the waste of insolvent company funds and imposes undue burdens on the SDR and the Guaranty Association.

7

Given it is the insolvent company through the SDR who has brought this second suit, the Court determines this factor does not weigh in the SDR's favor. The only argument the SDR and the Guaranty Association raise for why their case was filed in the Eastern District (rather than filed as a request to permissively join this case under Rule 20) is that some of the defendants in the second suit are located in St. Louis. Essentially, the SDR and the Guaranty Association are attempting to receive a ruling in their favor in this case without motioning to join or intervene in this action. The Court determines this does not merit reconsideration of the Court's original Order.

In the Order denying joinder under Rule 19, the Court determined the Guaranty Association was a necessary party to the litigation but reasoned that under 19(b) this action could still continue in "equity and good conscience." The Court maintains that the protective provisions at the Court's disposal will still operate to reduce any potential prejudice to these Defendants. The same factors that weighed in favor of the Court's original Order are still present here. Because this is a class action requiring the Court to approve of all settlements for the class, the Court can ensure that no settlement is approved that sacrifices the interests of the Guaranty Association or the SDR and others who are subject to her oversight.[2]

---

[2]The SDR and the Guaranty Association also argue that by pursuing this action Speaks is attempting to circumvent the receivership proceeding and obtain a preference in distribution over other creditors. The Court determines this argument is not properly before the Court at this time. Motions to Reconsider "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered ro raised prior to entry of judgment." *Metro St. Louis Sewer Dist.*, 440 F.3d at 933. Though the SDR and the Guaranty Association did not file a

8

Finally, the SDR and the Guaranty Association argue that the Liquidation Order in Texas vests title to the growth payments with the SDR. They assert that because the resolution of the dispute over who owns the claims brought in this suit requires interpretation of the Texas Insurer Receivership Act this claim should be resolved in Texas state court rather than in this district. The parties present further arguments on this issue in the briefing on the Bank Defendant's Motion to Transfer [Doc. # 182]. Because there are further arguments presented by the parties on this issue the Court refuses to rule on this matter at this time.

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion to Reconsider [Doc. # 167] is DENIED.

                                               s/ Nanette K. Laughrey
                                               NANETTE K. LAUGHREY
                                               United States District Judge

Dated: November 18, 2009
Jefferson City, Missouri

---

brief in the previous Rule 19 motion there's nothing that would have prevented them from seeking leave to file an *amicus* with these arguments prior to the Court's Order on August 3, 2009. These arguments were best made prior to the Court's determination that the action should not be dismissed under Rule 19(b) and will not be considered now. Further, the Court is confident it can ensure that all interested parties can be adequately protected should any substantive issue be litigated before this Court.